IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____
UNITED STATES OF AMERICA    )
        Appellant                )
   v.                                    )      Docket No: 14-7641
                                             )
DAVID HAGEN                     )
        Appellee                  )
_____)

**PETITION FOR REHEARING EN BANC**

NOW COMES appellant David Hagen, through the undersigned counsel and pursuant to Rule 35 of the Federal Rules of Appellate Procedure, and moves the Court for rehearing *en banc*.

**STATEMENT OF REASONS FOR EN BANC CONSIDERATION**

The panel decision in this case merits *en banc* reconsideration, because it presents a question of exceptional importance and because the decision to deny Mr. Hagen an evidentiary hearing is in conflict with prior decisions from this Court and other courts. Although the panel's unpublished *per curiam* decision did not set out its reasons for denying a certificate of appealability, Mr. Hagen contends *en banc* reconsideration is appropriate, and necessary, where he has been denied an evidentiary hearing in a case in which the files and record in his case do not conclusively show he is entitled to no relief. 28 U.S.C. §2255.

## STATEMENT OF THE ISSUE

I. Whether, in deciding a claim of ineffective assistance of counsel in proceedings under 28 U.S.C. §2255, a district court errs in dismissing a petition without an evidentiary hearing based on counsel's conclusory and unsupported assertion that his failure to call witnesses, present evidence, or present argument was based on strategic decisions.

## BACKGROUND AND PANEL DECISION

1. This is an appeal of the denial of relief Mr. Hagen sought in the district court pursuant to 28 U.S.C. §2255. Mr. Hagen proceeded *pro se* in the district court and this Court until the undersigned counsel entered an appearance on April 20, 2015. Mr. Hagen is currently serving a sentence of 540 months in the Bureau of Prisons due to his convictions for, *inter alia*, securities fraud and money laundering.

2. On August 6, this Court dismissed Mr. Hagen's appeal by unpublished *per curiam* opinion. The opinion did not address the particulars of the claims Mr. Hagen asserted in his petition and briefs. Instead, the panel concluded that Mr. Hagen had failed to demonstrate that reasonable jurists could disagree regarding the merits of his claims. Accordingly, the panel declined to issue a certificate of appealability and dismissed Mr. Hagen's appeal.

3. Although Mr. Hagen's petition and appeal raised multiple issues, he submits only one for *en banc* consideration- - that he is entitled to a certificate of

2

appealability on the issue of whether the district court erred by dismissing his claim of ineffective assistance of counsel without discovery or a hearing based on trial counsel's conclusory affidavit.

4.  28 U.S.C. § 2255 provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

5.  When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment. *Id.* "In such a circumstance, we review the facts in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.2d 263, 267 (4th Cir. 2007).

6.  The record in this case is replete with allegations of ineffective assistance of counsel. In the district court and this Court, Mr. Hagen asserts that in July 2008, he gave trial counsel a "97-page "trial guide" … [that] identified 22 critical witnesses and 57 items of exculpatory evidence." Doc. 30-1 at ¶ 22, pp 16-17. His claims challenge his counsel's refusal to call witnesses at trial or present any defense at all despite ample opportunity to do so.   Just one example comes from the forfeiture phase of Hagen's trial, where the defense continued to offer no evidence. Instead, trial counsel made this argument:

3

> You've heard about Butterfield Bank, you've heard about $4 million. You've heard about what may or may not be attributable through the wire transfers, what went to Jeremy Jaynes. You heard about the money going of $4 million. David Hagen, if at all is associated, not with the $11 million in Cyprus, certainly have a lot of missing money from the original 27 million. David Hagen is, at best, involved with 4 million from Butterfield Bank. Thank you.

Trial transcript at 1884.

This was trial counsel's entire argument.

6. The district court rejected Mr. Hagen's claims of ineffective assistance, relying on trial counsel's affidavit, which the Government submitted in support of its motion for summary judgment. In his affidavit, trial counsel swore:

> As to defense witnesses, there were several problems. First, most of the witnesses hated the defendant or at the very least were unwilling to testify in his behalf. Second, many were better witnesses for the government, and in fact some were called for the government's case in chief. Third, not all of them were relevant. Fourth, some of them could not be found. Fifth, some were potentially out of the country or jurisdiction including the Bahamas and Canada which called into question the logistical aspects of the subpoena. Sixth, I did not feel that it was in his best strategic interests to call many if not all of these witnesses.

Doc. No. 25-1, ¶5, *quoted* in Doc 35, ¶2, pp 8-9. Based on this conclusory affidavit, the Court determined that the Government was entitled to summary judgment "because Petitioner cannot establish that (trial counsel's) investigation, preparation for trial, and strategic decisions regarding witnesses and evidence to use at trial fell below an objective standard of reasonableness, the Government is

4

entitled to summary judgment." Doc 35, ¶2, p 9.

6.  In *United States v. McCoy*, 410 F.3d 124 (3d Cir. 2007), the Court issued a certificate of appealability under similar circumstances and considered "whether the District Court erred by denying an evidentiary hearing on McCoy's ineffective assistance of counsel claim." *McCoy*, 410 F.3d at 131. The Court noted that under 28 U.S.C. § 2255, a hearing is required unless "the files and records of the case *conclusively show* that the prisoner is entitled to no relief …." *McCoy*, 410 F.3d at 134 (emphasis by the Court). The Court remanded the case for hearing on both reasonableness of trial counsel's decisions and prejudice, noting that "merely labeling a decision as "strategic" will not remove it from an inquiry of reasonableness." *Id*. at 135 (citations omitted). This Court should reconsider *en banc* whether to issue a certificate of appealability and remand for hearing because the Court below accepted trial counsel's conclusory characterization of key decisions regarding multiple witnesses and a multitude of documentary evidence without any meaningful explanation for the bases of those decisions.  Further, decisions from this circuit and others are in accord with the *McCoy* holding.  See, *e.g.*, *United States v. Burrows*, 872 F.2d 915 (9th Cir. 1989) (in §2255 proceedings, claims which raise facts outside the record must ordinarily be resolved by evidentiary hearing); *United States v. Dickerson*, 546 Fed.Appx. 211 (4th Cir. Nov. 13, 2013) (unpublished) ("The district court's determination that counsel's advice to

5

forgo a written plea agreement was a strategic one is a factual determination requiring a credibility determination, or at least the receipt of evidence outside of the present record; thus, the district court erred in not ordering an evidentiary hearing."); *United States v. Jones*, 600 Fed.Appx. 74 (4th Cir. Dec. 19, 2014) (reversing and remanding for evidentiary hearing where district court found counsel's decision to be strategic without obtaining an affidavit from counsel.).

    7.    Similarly, because the Court denied the then-*pro se* petitioner his request for discovery, it was improper for the Court to grant summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.") (emphasis added). Moreover, under Rule 56(c)(4) of the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion must … set out facts that would be admissible in evidence). "[I]t is not enough to move for summary judgment … with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex*, 477 U.S. at 328 (White, J., concurring).

## CONCLUSION

For the reasons set forth above, the appellant respectfully requests that this Court grant his petition for rehearing *en banc*.

This the 20th day of August, 2015.

Respectfully submitted,

/s/ Noell P. Tin
Noell P. Tin
C. Melissa Owen
TIN FULTON WALKER & OWEN, PLLC
301 East Park Ave.
Charlotte, N.C. 28203
(704) 338-1220
ntin@tinfulton.com
COUNSEL FOR MR. HAGEN

7

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing **PETITION FOR REHEARING EN BANC** on opposing counsel by filing through ECF, to be sent to:

>Amy Ray
>Assistant U.S. Attorney
>amy.ray@usdoj.gov

This the 20th day of August, 2015.

>/s/ Noell P. Tin